UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DEAN HEAGY,

                    Plaintiff,

    v.

KITSAP COUNTY et al.,

                    Defendants.

No. 09-5091RBL/JRC

REPORT AND RECOMMENDATION

**NOTED FOR:
October 2, 2009**

      This 42 U.S.C. §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Before the Court is defendant's motion for judgment on the pleadings (Dkt # 19). The motion was filed July 22, 2009, and noted for August 14, 2009. The time for filing a response has passed and the matter is ready for consideration.

      Significantly, plaintiff failed to file any objection to defendant's motion. Local Rule 7 (b)(2) provides that failure to oppose a motion may be considered by the court as an admission the motion has merit.

REPORT AND RECOMMENDATION- 1

## FACTS

Plaintiff alleges that on October 19, 2003, he was assaulted in the Kitsap County Jail by a police officer or deputy sheriff named Daniels. He alleges physical injury and depression as a result of the attack. This action was filed February 18, 2009.

All defendants move for dismissal and raise the statute of limitations as a defense. The statue of limitations is an affirmative defense that must be raised by the defendants.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12 (c), a motion for judgment on the pleadings may be brought "(a)fter the pleadings are closed – but early enough not to delay trial . . . ." Judgment on the pleadings is proper when "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.1990).

## DISCUSSION

42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations. The court will use the statute of limitations from the state cause of action that is most like the alleged incident. Usually, this is a state's personal injury statute. In Washington, a plaintiff has three years to file a personal injury claim. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). Therefore, the court will use three years as the applicable statute of limitations. *Id.*

This action was filed February 18, 2009. Therefore, any claim involving an incident prior to February 18, 2006 is time barred. Plaintiff's allegations involve an incident that occurred October 19, 2003 (Dkt. # 19, page 2). Therefore, it is the opinion of this court that the action is time barred and the court recommends that the action be **DISMISSED WITH PREJUDICE**.

REPORT AND RECOMMENDATION- 2

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 2, 2009**,** as noted in the caption.

DATED this 2nd day of September, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3